UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN JONES, III,

    Plaintiff,

v.

BNSF RAILWAY COMPANY, a Delaware corporation,

    Defendant.

CASE NO. C10-5480BHS

ORDER DENYING MOTION TO QUASH AND FOR PROTECTIVE ORDER

This matter comes before the Court on Plaintiff's ("Jones") motion to quash subpoena and grant protective order (Dkt. 17). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion without prejudice for the reasons stated herein.

## I. PROCEDURAL HISTORY

On August 23, 2011, Jones moved the Court to quash a subpoena issued by Defendant ("BNSF") and issue a protective order. Dkt. 17. On August 31, 2011, BNSF opposed the motion. Dkt. 19. On September 1, 2011, Jones replied. Dkt. 21.

ORDER - 1

## II. FACTUAL BACKGROUND

This is a Federal Employers Liability Act ("FELA") case that arises out of Jones' claims against BNSF for "cumulative trauma" injuries sustained by Jones to his back, neck, and shoulders. *See generally*, Complaint (Dkt. 1) at 3-7. Jones worked for BNSF as a locomotive engineer and now seeks damages under FELA from BNSF for his claimed career ending injuries in the amount of $2.4-6.4 million, including approximately $1.1 million in lost future wages and earning capacity. Declaration of Kelsey Endres (Endres Decl.), Ex. A (Jones' first supplemental initial disclosures).

The record contains evidence that a court has sentenced Jones more than once for convictions of alcohol related offenses. Endres Decl., Ex C (1997 judgment and sentence for DUI/vehicular homicide), Ex. F (2007 felony judgment and sentence for second DUI offense). The record also contains some evidence that Jones may have participated in a prison work release program wherein he worked as a telemarketer. *See* Endres Decl., Ex. B (Jones' answer to Interrogatory No. 11), Ex. D (Jones' deposition 263:23-264:1).

BNSF now seeks discovery of the Washington Department of Corrections' ("DOC") files on Jones that include a complete chemical dependency file and a complete work release file. Jones objects to disclosure based on privilege and prejudice. BNSF maintains that Jones opened the door to discover these files: (1) BNSF may not have hired Jones back after his voluntary resignation due to alcohol issues and (2) BNSF may be able to mitigate lost wages by showing ability to perform some work based on evidence from Jones' work release. *See* Dkts. 19, 21.

The parties agree that they did not officially "meet and confer" over the instant motion for protective order or the subpoena that BNSF issued to the DOC when it could not obtain the requested files directly from Jones.

### III. DISCUSSION

Under Federal Rule of Civil Procedure ("Fed R. Civ. P.) 26, motions for protective orders "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c). Jones concedes this meeting did not occur. Jones, however, argues that BNSF did not "meet and confer" over the subpoena that it issued directly to the DOC when it was unable to obtain the files directly from Jones.

Discovery is the responsibility of the parties. The parties are to work diligently and respectfully to resolve discovery disputes. Discovery motions are disfavored and should come before the court only when the parties cannot resolve the matter on their own through good faith efforts.

Here, while it appears the records BNSF seeks may be relevant and discoverable, it also appears that the parties have left their discovery responsibilities unfinished. The Court believes this matter would benefit from an actual "meet and confer" regarding the issues presented to the Court. The Court also firmly believes that the parties can resolve this dispute without court intervention. In the event the parties cannot resolve this dispute, the Court will resolve the dispute.

# IV. ORDER

Therefore, it is hereby **ORDERED** that Jones' motion to quash and for protective order is **DENIED without prejudice**. The parties **SHALL** "meet and confer" within fifteen (15) days of this order regarding the issues presented herein:

Dated this 20th day of September, 2011.

_[signature]_
BENJAMIN H. SETTLE
United States District Judge