PATRICK M. RISKEN, WSBA #14632
JERRY PATRICK SCHAROSCH, WSBA #39393
SCOTT ALAN FLAGE, WSBA #43183
MARKUS W. LOUVIER, WSBA #39319
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Suite 250
Spokane, WA 99201
(509) 455-5200
(509) 455-3632 (fax)
prisken@ecl-law.com

Attorneys for Plaintiff

**Judge Benjamin H. Settle**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JOHN JONES, III, <br><br> Plaintiff, <br><br> vs. <br><br> BNSF RAILWAY COMPANY, a Delaware corporation, <br><br> Defendant. | No. CV 10-5480 BHS <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## I. INTRODUCTION

In his Complaint, Plaintiff John Jones does not assert a "ballast claim." He simply stated in response to BNSF's interrogatories that "continually walking on uneven terrain to do [his] job" was one of several job duties which contributed to

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT – 1

his injuries. Mr. Jones elaborated on this topic in his deposition. BNSF ignores Mr. Jones' actual position and substitutes a misrepresented version of his position in its Motion for Partial Summary Judgment ("Motion"). BNSF's strawman argument fails. Mr. Jones' ballast-related contentions[1] are a proper component of his overall FELA claim, and BNSF's Motion seeking exclusion of this testimony should be denied.

## II. RELEVANT FACTS

Mr. Jones filed his Complaint against BNSF on July 7, 2010, alleging causes of action under the Federal Employers' Liability Act, 51 U.S.C § 51 *et seq.* ("FELA"), the Federal Railroad Safety Act of 1994, 49 U.S.C. § 20101 *et seq*. ("FRSA")*,* and the Locomotive Inspection Act, 49 U.S.C. § 20701 *et seq.*[2] Among other allegations, Mr. Jones alleged[3] BNSF breached its statutory duties by:

- Failing to exercise due care in providing the Plaintiff with a reasonably safe and healthy work environment;

---

[1] This phrase is not, as BNSF will likely argue, a semantic distinction without a difference. Rather, it is consistent with the FELA causation standard in that BNSF "caused or contributed to [Mr. Jones'] injury if [BNSF's] negligence played any part in bringing about the injury." *CSX Transp., Inc. v. McBride*, __ U.S. __, 131 S.Ct. 2630, 2634, 180 L.Ed.2d 637 (2011).

[2] ECF No. 1 at 3.

[3] *Id*. at 6, ¶17.

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT – 2

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

- Failing to take adequate precautionary steps to protect Plaintiff from reasonably foreseeable dangers associated with his work;

- Failing to provide Plaintiff with adequate in-house safety training to educate him and other workers concerning the insidious, cumulative effects of repetitive stress and how the particulars of Plaintiff's assigned work tasks may be affecting his body;

- Failing to warn Plaintiff of the latent potential health risks and hazards associated with cumulative daily exposures to repetitive stress

Mr. Jones did not assert a "ballast claim" in his Complaint.[4]

In response to an interrogatory propounded by BNSF, Mr. Jones stated the following:

> **INTERROGATORY NO. 4**: Please identify the work environment, work condition(s), machinery, tools, and equipment, including seat(s), which you claim to have caused your alleged injuries to your body as alleged in the Complaint, and if you claim that BNSF failed to maintain or make safe said work conditions or equipment, please describe that condition or equipment, name the person(s) responsible for said maintenance or safety, how the alleged lack of maintenance or safety caused your alleged injury or injuries, and what condition or equipment, including seat(s), you contend should have been implemented or provided during your employment.
>
> **ANSWER**:

---

[4] *See* ECF No. 1.

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT – 3

> During my employment with BNSF, I was subject to work daily in conditions such as […] (C) Continually walking on uneven terrain to do my job ….[5]

When BNSF's counsel inquired briefly into this area during Mr. Jones' deposition, Mr. Jones confirmed that mainline ballast on which he walked during his career was a contributing factor of his injuries.[6]

BNSF now brings this Motion to dismiss the ostensible "ballast claim" it perceives is expressed through Mr. Jones' discovery responses.

### III. AUTHORITY & ARGUMENT

**A. Summary judgment standard**

Under Fed. R. Civ. P. ("FRCP") 56, a party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion.[7] Summary judgment is precluded if there exists a genuine dispute over a fact that might affect the outcome of the suit under the governing law.[8]

---

[5] Declaration of Jerry P. Scharosch, Ex. A, filed herewith.

[6] *See* ECF No. 33-1 at 3-5 (Ex. A to the Declaration Kelsey Endres.)

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Semegen v. Weidner*, 780 F.2d 727, 732 (9th Cir.1985).

[8] *Anderson*, 477 U.S. at 248.

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT – 4

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

The moving party has the initial burden to prove that no genuine issue of material fact exists.[9] The party opposing summary judgment must go beyond the pleadings to designate specific facts establishing a genuine issue for trial.[10] In ruling on a motion for summary judgment, all inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmovant.[11]

**B. Sufficient evidence exists to establish a prima facie case of negligence related to Plaintiff's ballast-related contentions, or at least to establish the existence a genuine dispute of material fact, precluding summary judgment.**

Under the FELA, a railroad employer owes its employees a duty to provide a reasonably safe place to work.[12] A railroad breaches this duty when it fails to use ordinary care under the circumstances or fails to do what a reasonably prudent person would have done under the circumstances to make the working environment safe.[13] In other words, "a railroad breaches its duty when it knew, or

---

[9] *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

[10] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

[11] *Matsushita*, 475 U.S. at 587.

[12] *Blair v. Baltimore & Ohio R.R.*, 323 U.S. 600, 601, 65 S.Ct. 545, 89 L.Ed. 490 (1945); *Atchison, T. & S.F. Railway Co. v. Buell*, 480 U.S. 557, 558, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987).

[13] *Tiller v. Atlantic C.L.R. Co.*, 318 U.S. 54, 67, 63 S.Ct. 444, 87 L.Ed. 610 (1943).

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT – 5

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

by the exercise of due care should have known that the prevalent standards at use were inadequate to protect the plaintiff and similarly situated employees."[14]

Although Mr. Jones still bears the burden of proving negligence, which involves a violation of the duty of ordinary care, "courts have held that only 'slight' or 'minimal' evidence is needed to raise a jury question of negligence under FELA."[15] Here, Mr. Jones' ballast-related allegations are merely one component of his overall claim and meet the standard of "slight evidence" of BNSF's negligence. A jury question exists regarding this issue, and summary judgment is improper.

During his entire career, Mr. Jones did not receive any training or education from BNSF regarding the effects that walking on ballast could have on his body.[16] Nor did BNSF provide any training or education to Mr. Jones on how to properly walk on mainline ballast to avoid or lessen the likelihood of

---

[14] *Balsley v. BNSF Railway Co.*, 2010 WL 4857284, *4 (W.D. Wash. 2010); *Van Gorder v. Grand Trunk Western R.R., Inc.*, 509 F.3d 265, 269–70 (6th Cir.2007); *Urie v. Thompson*, 337 U.S. 163, 178, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949).

[15] *Koch v. Burlington Northern & Santa Fe Ry. Co.*, 2006 WL 3404828 (W.D. Wash. 2006) (quoting *Mendoza v. Southern Pac. Transp. Co.*, 733 F.2d 631, 632 (9th Cir.1984)); *CSX Transp., Inc. v. McBride*, __ U.S. __, 131 S.Ct. 2630, 2634, 180 L.Ed.2d 637 (2011) ("a defendant railroad caused or contributed to a plaintiff employee's injury if the railroad's negligence played any part in bringing about the injury").

[16] Declaration of John Jones, III at ¶3, filed herewith.

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT – 6

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

being injured while performing this job task.[17] BNSF, however, was not unaware of the dangers mainline ballast presented to its employees.

In 1998 BNSF produced a video, entitled "Walking Safely on Ballast."[18] The video contains several useful tips on preventing ballast-related injury, including:[19]

- that injuries can occur when walking on ballast;

- that walking on ballast involves danger and there are ways to avoid or lessen the impact of these dangers;

- sloping ballast and mainline ballast constitute special conditions requiring extra attention;

- that ballast increases the likelihood of losing one's footing and falling;

- that it is "hazardous" to walk and work on sloping ballast;

- that walking on mainline ballast requires "extra caution";

- that mainline ballast makes it easier to slip or trip; and

- that "whenever possible, the best course is not to walk on ballast at all."

---

[17] *Id*. at ¶¶4-5.

[18] Declaration of Jerry P. Scharosch, Exs. B & C.

[19] Declaration of Jerry P. Scharosch, Ex. C.

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT – 7

Mr. Jones was never given an opportunity to watch that video while employed by BNSF.[20] By failing to give Mr. Jones an opportunity to view this video, BNSF denied Mr. Jones the opportunity to incorporate the ballast safety information and procedures into his work processes. BNSF's failure to provide that safety information to Mr. Jones during his employment raises an issue of fact regarding BNSF's conduct and the FELA standard of care. Mr. Jones has established a prima facie case of negligence vis-à-vis his ballast-related contentions.

In its Motion, BNSF highlights (1) that Mr. Jones is ignorant of the Federal Railway Administration's regulations on ballast; and (2) that Mr. Jones could not identify any debris or defect in the ballast itself.[21] However, the ignorance of Mr. Jones or the material/technical purity of the ballast itself do not affect BNSF's duty or breach on the question of whether BNSF provided its employees such as Mr. Jones a reasonably safe working environment on the ballast near railroad tracks. That "environment" includes safety training. Neither of BNSF's contentions establish the absence of a genuine dispute of material fact, as BNSF appears to imply.

---

[20] Declaration of John Jones, III at ¶5, filed herewith.

[21] *See* ECF No. 32 at2.

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT – 8

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Moreover, given that the video was produced by BNSF in 1998, it follows that the ballast-related safety tips either existed within BNSF's institutional knowledge, or should have existed by the exercise of due care, well before that point. Yet BNSF did not make this video available to Mr. Jones or train him accordingly. At the very least, a genuine dispute of material fact exists regarding BNSF's negligence in this regard. This issue is "best left for the province of the jury."[22] Insofar as BNSF's partial summary judgment motion is directed toward the absence of negligence, it should be denied.

## C. The FRSA does not preclude Mr. Jones' ballast-related contentions.

As authority for its proposition that the FRSA precludes Mr. Jones' ballast-related contentions, BNSF cites 49 C.F.R. §213.103 and the Sixth Circuit's presumed "seminal ballast/preclusion case" of *Nickels v. Grand Trunk Western R.R., Inc.*, 560 F.3d 426 (6th Cir. 2009). BNSF's reliance on both authorities is misplaced.

49 C.F.R. §213.103 is the FRA's regulation relating to ballast. For the FRSA's regulation to preempt an action, a party "must establish more than that they 'touch upon' or 'relate to' that subject matter, and must show that 'the federal

---

[22] *Balsley*, 2010 WL 4857284, *4 (denying BNSF's summary judgment on the issue of negligence under FELA in a claim involving mainline ballast).

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT – 9

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

regulations substantially subsume the subject matter' " of the claim.[23] Regulation §213.103 "substantially subsumes the issue of ballast size."[24]

However, the Ninth Circuit has interpreted the scope of §213.103 as "designed to insure that tracks have adequate support," not to "address[ ] the concern that employees have a safe working environment near railroad tracks."[25] Other federal courts have also recognized the limited scope of §213.103.[26] Because the Ninth Circuit has directly articulated the limited scope of §213.103, the regulation does not support BNSF's theory that Mr. Jones' ballast-related contentions are precluded by the FRSA.[27]

Similarly, BNSF's reliance on the "seminal" *Nickels* case is misplaced. Mr. Jones cannot understand why BNSF deems *Nickels* a watershed case when the primary issue in the case was decided on particularly narrow grounds.

---

[23] *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 664, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993) (citation omitted).

[24] *Nickels v. Grand Trunk Western R.R., Inc.*, 560 F.3d 426, 431 (6th Cir. 2009).

[25] *Southern Pacific Transp. Co. v. Public Utilities Com'n of State of Cal.*, 647 F. Supp. 1220, 1225 (N.D. Cal. 1986), *aff'd* 820 F.2d 1111 (9th Cir. 1987).

[26] *Allenbaugh v. BNSF Ry. Co.*, 2011 WL 2182430 (E.D. Wash. 2011) (recognizing the binding effect of *S.P. Transp. Co.* in the Ninth Ciruit); *Abromeit v. Montana Rail Link, Inc.*, 2010 WL 3724425 (D. Mont. 2010) (same); *Davis v. Union Pacific R. Co.*, 598 F.Supp.2d 955, 958 (E.D. Ark. 2009) ("Almost every court has concluded that 'the FRSA is silent on the question of walkways. The regulations are directed toward creating a safe roadbed for trains, not a safe walkway for railroad employees who must inspect the trains.' ")

[27] *See Allenbaugh v. BNSF Ry. Co.*, 2011 WL 2182430 (E.D. Wash. 2011) (rejecting BNSF's claim of preclusion under FRSA and 49 C.F.R. §213.103 regarding plaintiff's ballast claim).

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT – 10

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

*Nickels* involved two plaintiffs who alleged their railroad employer breached its FELA duties to provide a safe working environment "by using large mainline ballast – instead of smaller yard ballast – underneath and adjacent to tracks receiving heavy foot traffic."[28] As stated above, the *Nickels* court interpreted §213.103 as "substantially subsum[ing] the issue of ballast size."[29] The court held that the FRSA and its accompanying regulation, 49 C.F.R. §213, precluded the plaintiffs' FELA ballast claims because the claims were based exclusively on ballast *size*.[30]

Here, however, the issue is markedly different. Unlike the plaintiffs in *Nickels*, Mr. Jones' ballast-related contentions are not directed toward the *size* of the ballast material. Rather, Mr. Jones' contentions revolve around BNSF's breach of its duty to adequately train him regarding the danger of physical injuries which could arise from working and walking on mainline ballast. Unlike the Sixth Circuit in *Nickels*, the Ninth Circuit has articulated a limited scope of §213.103.[31] The narrow holding of *Nickels* does not warrant the "seminal" status

---

[28] *Nickels v. Grand Trunk Western R.R., Inc.*, 560 F.3d 426, 428 (6th Cir. 2009).

[29] *Id*. at 431.

[30] *Id*. at 433.

[31] *Southern Pacific Transp. Co. v. Public Utilities Com'n of State of Cal.*, 647 F. Supp. 1220, 1225 (N.D. Cal. 1986), *aff'd* 820 F.2d 1111 (9th Cir. 1987).

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT – 11

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

BNSF ascribes to it. The plaintiffs' claim in *Nickels* is distinguishable from the facts and claims in this case and therefore *Nickels* does not support BNSF's theory that Mr. Jones' ballast-related contentions are precluded by the FRSA. The facts of Mr. Jones' claims against BNSF include ballast training and not ballast size. Summary judgment on this point is improper.

**D.     The ICCTA does not affect Mr. Jones' ballast-related contentions.**

The ICCTA, 49 U.S.C. § 10501, *et seq.*, confers on the Surface Transportation Board ("STB") the authority to regulate –

> (b) (1) transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and
>
> (2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State ...[32]

The ICCTA also contains a pre-emption clause which provides that "[e]xcept as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law."[33]

---

[32] 49 U.S.C. § 10501(b).

[33] *Id.*

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT – 12

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

BNSF made an identical argument regarding ICCTA preclusion of a plaintiff's ballast-related FELA claim in *Balsley v. BNSF Railway Co.*, 2010 WL 4857284, *4 (W.D. Wash. 2010). In *Balsley*, Judge Robert J. Bryan rejected BNSF's ICCTA argument, stating:

> BNSF's argument (that a FELA negligence claim that impacts railroad operations is precluded by ICCTA) is not persuasive. Taken to its logical conclusion, BNSF's argument would prevent nearly any type of recovery under the FELA for negligence, because holding a defendant liable in a negligence action is designed, in part, to persuade the defendant to modify its behavior or operations. There is no evidence to suggest that precluding recovery under FELA was the intent of the ICCTA. As a result, BNSF is not entitled to summary judgment on this issue.[34]

This analysis applies with equal force here.[35]

BNSF also appears to misunderstand the effect of a court's decision on summary judgment. BNSF argues that "[d]etermining that working on ballast is impermissible would severely impact BNSF's mainline operations" and that "holding as a matter of law that walking on ballast is negligent will require BNSF to stop all of its employees from working on mainline […] ballast."[36]

---

[34] *Balsley*, 2010 WL 4857284 at *6.

[35] *See also Tyrrell v. Norfolk Southern Ry. Co.*, 248 F.3d 517 (ICCTA did not preclude the plaintiff's FELA claim).

[36] ECF No. 32 at 19, 21.

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT – 13

"The function of the district court in considering the motion for summary judgment is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists."[37] Additionally, "[a] district court does not, of course, make 'findings of fact' in ruling on a summary judgment motion."[38] If this court determines a genuine dispute of material fact exists regarding Mr. Jones' ballast-related contentions, then summary judgment is improper on this point.[39] Denying BNSF's summary judgment motion on the ICCTA issue will not engender the operational catastrophe envisioned by BNSF – only trial will result.[40] BNSF's motion for summary judgment based on the ICCTA is unsupported and unsupportable; thus, it should be denied.

## IV. CONCLUSION

BNSF has invented a strawman which it seeks to discredit and dismiss from Mr. Jones' lawsuit – an ostensible "ballast claim." Mr. Jones does not

---

[37] *Ideal Steel Supply Corp. v. Anza*, 652 F.3d 310, 326 (2nd Cir. 2011).

[38] *Rand v. Rowland*, 154 F.3d 952, 957 n. 4 (9th Cir. 1998).

[39] FRCP 56(a).

[40] Although trial has been described as a "crucible," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 575, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (Stevens, J. dissenting), it surely does not intimidate BNSF. *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (BNSF "is a sophisticated corporate litigant and a repeat player in … lawsuits").

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT – 14

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

assert such a claim in his Complaint. In two passing references in response to BNSF's discovery requests, Mr. Jones referenced how walking on ballast is one of the factors which has contributed to his injury. These ballast-related contentions do not represent a distinct cause of action; rather, they are part of larger FELA umbrella under which Mr. Jones asserts that BNSF has failed to provide him with a safe place to work in part due to inadequate training and education. BNSF's motion for summary judgment is contrary to the facts and clear case law interpreting FELA. Because a genuine dispute of material fact exists regarding whether Mr. Jones' work on ballast contributed to his injury and whether BNSF breached its duty in relation to this issue, summary judgment is improper. Mr. Jones respectfully requests that this Court DENY BNSF's Motion for Partial Summary Judgment.

Dated this 7th day of November, 2011.

EVANS, CRAVEN & LACKIE, P.S.

*/s/ Patrick M. Risken*
By: _____
PATRICK M. RISKEN, WSBA #14632
JERRY P. SCHAROSCH, WSBA #39393
Attorneys for Plaintiff
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Ste. 250
Spokane, WA 99201
(509) 455-5200
prisken@ecl-law.com

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT – 15

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November, 2011, I electronically filed the foregoing with the Clerk of the Court using CM/ECF System, which will send notification of such filing to the following:

Tom Montgomery via  tom@montgomeryscarp.com
Kelsey Endres via kelsey@montgomeryscarp.com
Debra Dickerson via debra@montgomeryscarp.com
Jeremy Rogers via Jeremy@montgomeryscarp.com

I hereby further certify that I have caused to be served a true and correct copy of the foregoing document(s) on the non-CM/ECF participants as indicated:

| | |
|---|---|
| *No manual recipients* | ___ Hand Delivered |
| | ___ U.S. Mail |
| | ___ Overnight Mail |
| | ___ Facsimile |

*/s/ Patrick M. Risken*

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT – 16

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632