**Judge Benjamin H. Settle**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JOHN JONES, III,<br><br>Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>Defendant. | No.  CV 10-5480 BHS<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE OF COURT TO TAKE MORE THAN 10 DISCOVERY DEPOSITIONS** |

Plaintiff, by and through the undersigned counsel, responds to Defendant BNSF's Motion for Leave of Court To Take More Than 10 Discovery Depositions ("Motion"). (ECF 42.)

I.   ARGUMENT

Under Federal Rule of Civil Procedure ("FRCP") 30, a party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2), if the parties

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

have not stipulated to the deposition and the deposition would result in more than 10 depositions being taken under this rule.[1] FRCP 26(b)(2)(C) provides in part:

> …the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

A party seeking to exceed the presumptive number of depositions must make a particularized showing of the need for the additional discovery.[2] To that end, courts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2).[3]

Moreover, a party seeking to take more than ten depositions must "show the necessity of all the depositions she took in reaching the prescribed limit."[4] The mere fact that more than

---

[1] FRCP 30(a)(2).

[2] *Bell v. Fowler*, 99 F.3d 262, 271 (8th Cir.1996); *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 586 (D.Minn.1999).

[3] *See Archer Daniels*, 187 F.R.D. at 586 (a party should appropriately exhaust its current quota of depositions, in order to make an informed request for an opportunity to depose more witnesses, before seeking leave to depose a legion of others).

[4] *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 483 (N.D.Tex.2001).

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO TAKE MORE THAN
10 DEPOSITIONS – 2

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

ten individuals may have discoverable information in a case does not mean that taking more than ten depositions makes sense.

Here, Mr. Jones disclosed the lay witness BNSF complains about on or about November 3, 2010.[5] Mr. Jones' expert witness disclosures were made on or about December 21, 2011.[6] BNSF has had over one year to deliberate and decide which lay witnesses to depose. BNSF can depose each of Mr. Jones' expert witnesses if it desires. However, BNSF has only deposed three people since the initiation of this case in July 2010.[7]

This is an ordinary FELA case. The issues are not complicated, and BNSF is well versed in defending cumulative trauma cases. BNSF has all pertinent medical records of Mr. Jones. BNSF has had ample time to review the medical records and determine which providers merit an actual deposition. BNSF's attempt to conduct 18+ additional depositions[8] before discovery closes on February 27, 2012 is unwarranted, given the fact that it has not exhausted its 10-deposition allotment under FRCP 30 and because it disregards the fact that it may examine Mr. Jones' witnesses at trial. BNSF "is a sophisticated corporate litigant" and a repeat player in FELA lawsuits.[9] It's lack of diligence should not be rewarded with leave to conduct an additional 18+ depositions. Indeed, BNSF's lack of diligence in pursuing discovery is ironic given the amount of damages alleged in this case.

---

[5] *See* BNSF's Motion, ECF 43-1 at 13 (date received stamp).

[6] *See* BNSF's Motion , ECF 43-1 at 21 (certificate of service).

[7] BNSF's Motion, ECF 42 at 5.

[8] Although BNSF claims it only needs 18 additional depositions, it cannot even commit to that number, stating "and possibly a few more as the need arises." BNSF's Motion, ECF 42 at 7.

[9] *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO TAKE MORE THAN
10 DEPOSITIONS – 3

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

BNSF's assertion that the burden inherent in conducting an additional 18+ depositions is outweighed by the ostensible benefit ignores the significant expense[10] such depositions will impose upon Mr. Jones.  BNSF recognizes this expense, but dismisses its impact upon Mr. Jones by stating that BNSF will be paying for the depositions.[11]  The burden 18+ additional depositions will impose on Mr. Jones militates against granting BNSF leave for these depositions.  Additionally, BNSF appears to downplay the significant logistical obstacle it will create by attempting to take 18+ additional depositions in less than two months, given the busy schedules of the parties' attorneys and the schedules of the witnesses.  Ten depositions are sufficient in this ordinary FELA case.

## II.   CONCLUSION

BNSF's Motion seeking 18+ additional depositions, when it has not even exhausted it's 10-deposition allotment, is improper.  BNSF has not diligently pursued pre-trial discovery, information from witnesses beyond the 10-deposition allotment can be obtained from another source that is more convenient, less burdensome, or less expensive – i.e. trial, and the burden on Mr. Jones significantly outweighs the alleged benefit BNSF will derive from the additional witness depositions.

BNSF has failed to meet its burden to make a particularized showing of the need for the additional discovery.  Mr. Jones respectfully requests this Court DENY BNSF's Motion and limit the number of depositions in this case to ten for each party, pursuant to FRCP 30(a)(2).

---

[10] For example, Mr. Jones ultimately bears the costs for his attorneys' travel.

[11] BNSF's Motion, ECF at 7.

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO TAKE MORE THAN
10 DEPOSITIONS – 4

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Dated this 9th day of January, 2012.

                EVANS, CRAVEN & LACKIE, P.S.

                */s/ Patrick M. Risken*
By: _____
PATRICK M. RISKEN, WSBA #14632
Attorneys for Plaintiff
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Ste. 250
Spokane, WA 99201
(509) 455-5200
(509) 455-3632 facsimile
prisken@ecl-law.com

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO TAKE MORE THAN
10 DEPOSITIONS – 5

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of January, 2012, I electronically filed the foregoing with the Clerk of the Court using CM/ECF System, which will send notification of such filing to the following:

    Tom Montgomery via  tom@montgomeryscarp.com
    Kelsey Endres via kelsey@montgomeryscarp.com
    Debra Dickerson via debra@montgomeryscarp.com
    Jeremy Rogers via Jeremy@montgomeryscarp.com

I hereby further certify that I have caused to be served a true and correct copy of the foregoing document(s) on the non-CM/ECF participants as indicated:

| | |
|---|---|
| *No manual recipients* | ___ Hand Delivered |
| | ___ U.S. Mail |
| | ___ Overnight Mail |
| | ___ Facsimile |

*/s/ Patrick M. Risken*

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO TAKE MORE THAN
10 DEPOSITIONS – 6

Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632